## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CENTER FOR EFFECTIVE GOVERNMENT<br>    2040 S Street, NW, 2nd Floor<br>    Washington, DC 20009 | ) ) ) ) ) | |
|            Plaintiff, | ) ) | |
|   v. | ) ) ) | Civil Action No. _____ |
| U.S. DEPARTMENT OF STATE<br>    The Executive Office<br>    Office of the Legal Advisor<br>    Room 5519<br>    2201 C Street, NW<br>    Washington, DC 20520 | ) ) ) ) ) ) ) | |
|     and | ) ) | |
| U.S. AGENCY FOR INTERNATIONAL DEVELOPMENT<br>    Ronald Reagan Building<br>    1300 Pennsylvania Avenue, NW<br>    Washington, DC 20523 | ) ) ) ) ) ) | |
|            Defendants. | ) ) | |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

### INTRODUCTION

1.     This action is brought under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, to compel the U.S. Department of State and the U.S. Agency for International Development (USAID) to produce in response to a FOIA request the Presidential Policy Directive on Global Development (the Directive) signed by President Obama on September 22, 2010. The Department of State and USAID have withheld the Directive from the Center for Effective Government.

**JURISDICTION AND VENUE**

2.      This Court has jurisdiction in this action under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331. Venue is proper under 5 U.S.C. § 552(a)(4)(B).

**PARTIES**

3.      Plaintiff Center for Effective Government is a nonprofit research and advocacy organization based in Washington, DC. Formed as OMB Watch in 1983, the organization became the Center for Effective Government in January 2013. The Center for Effective Government's mission is to build an open, accountable government that invests in the common good, protects people and the environment, and advances the national priorities defined by an active, informed citizenry. The Center for Effective Government conducts policy research and develops policy proposals, creates and disseminates tools and communications materials to encourage citizen participation and government accountability, and builds broad-based coalitions to ensure that government is effective and responsive to the priorities of the American people. As relevant to this case, it conducts research on the transparency of U.S. development policy.

4.      Defendant Department of State is an agency of the federal government of the United States and has possession of and control over the record Plaintiff seeks.

5.      Defendant USAID is an agency of the federal government of the United States and has possession of and control over the record Plaintiff seeks.

**STATEMENT OF FACTS**

**The Presidential Policy Directive on Global Development**

6.      President Obama signed the Presidential Policy Directive on Global Development on September 22, 2010. According to a White House fact sheet, the Directive "recognizes that development is vital to U.S. national security and is a strategic, economic, and moral imperative

2

for the United States." *See* White House Office of the Press Secretary, Fact Sheet, U.S. Global Development Policy, http://www.whitehouse.gov/the-press-office/2010/09/22/fact-sheet-us-global-development-policy. Accordingly, it "calls for the elevation of development as a core pillar of American power and charts a course for development, diplomacy and defense to mutually reinforce and complement one another in an integrated comprehensive approach to national security." *Id.* The Directive "builds on and formalizes many core tenets of the development agenda set in place by recent administrations, while embracing new priorities and approaches that respond to the challenges" that the United States faces. *Id.*

7.    The Directive "provides clear policy guidance to all U.S. Government agencies" and identifies the United States' "core objectives, [its] operational model, and the modern architecture [it] need[s] to implement this policy." *Id.*

8.    In its Fiscal Year 2012 budget, the Obama Administration "request[ed] $27 billion to support the Presidential Policy Directive on Global Development by focusing on sustainable development outcomes and placing a premium on broad-based economic growth, democratic governance, game-changing innovations, and sustainable systems for meeting basic human needs." Office of Management and Budget, Fiscal Year 2012, Budget of the United States Government, at 116, *available at* http://www.whitehouse.gov/sites/default/files/omb/budget/fy2012/assets/budget.pdf.

**Plaintiff's FOIA Request to the Department of State**

9.    On March 3, 2011, Plaintiff submitted a FOIA request to the Department of State for a copy of the Presidential Policy Directive on Global Development.

10.    Plaintiff requested a waiver of all fees pursuant to 5 U.S.C. § 552(a)(4)(A)(iii) and indicated that the request was not for commercial use.

11.     By letter dated September 29, 2011, the Department of State denied Plaintiff's FOIA request to that agency. It stated that it was withholding the Directive under FOIA Exemption (b)(5) based on the Presidential communications privilege.

12.     By letter dated October 31, 2011, Plaintiff timely appealed the Department of State's denial of its FOIA request. As part of its appeal, Plaintiff challenged the applicability of the Presidential communications privilege to the Directive, noting that the Directive "is not a private presidential communication reflecting the decision-making process of the President and his advisors," but is instead intended to chart a course for the federal government.

13.     By letter dated May 2, 2012, the Department of State denied Plaintiff's appeal. It stated that the Directive was exempt from disclosure under FOIA Exemption (b)(5) because it constituted a "confidential presidential communication." The letter informed Plaintiff of its right to seek judicial review of the agency's decision.

**Plaintiff's FOIA Request to USAID**

14.     On March 3, 2011, Plaintiff submitted a FOIA request to USAID for a copy of the Presidential Policy Directive on Global Development.

15.     Plaintiff requested a waiver of all fees pursuant to 5 U.S.C. § 552(a)(4)(A)(iii) and indicated that the request was not for commercial use.

16.     By letter dated September 2, 2011, USAID replied to Plaintiff's FOIA request by directing Plaintiff to two fact sheets relating to the Directive that were posted online. The letter acknowledged that Plaintiff had requested "a copy of the Presidential Policy Directive on Global Development." It did not explain why it concluded that the fact sheets were responsive to Plaintiff's FOIA request.

17.     By e-mail on September 7, 2011, Plaintiff replied to USAID's September 2, 2011, letter, stating that the letter was not responsive to Plaintiff's request.  By e-mail on September 9, 2011, USAID replied to Plaintiff that it would "search specially for the requested document."

18.     On September 30, 2011, after receiving no further response from USAID, Plaintiff faxed an administrative appeal to USAID, asserting that USAID's failure to provide responsive records constituted a constructive denial of Plaintiff's March 3, 2011, FOIA request.

19.     By letter dated November 22, 2011, USAID denied Plaintiff's March 3, 2011, FOIA request to that agency in full. USAID did not acknowledge Plaintiff's earlier administrative appeal to it. It stated that it was withholding the Directive under FOIA Exemption (b)(5) as a record protected by the deliberative process privilege. It explained that the Directive "proposes recommendations for policy changes and is not a final decision" and that release of the record "could hamper any final decision that might result from disclosure of reasons and rationales that were not in fact ultimately the grounds for [USAID's] actions."

20.     In a letter dated December 20, 2011, Plaintiff timely appealed USAID's denial of its FOIA request. As part of its appeal, Plaintiff challenged the applicability of the deliberative process privilege to the Directive, noting that the Directive "constitutes the working law of USAID," and is neither predecisional nor deliberative.

21.     By letter dated March 15, 2012, USAID denied Plaintiff's appeal based on the deliberative process privilege. It explained that the Directive is "a part of the decisionmaking process the President and his advisors are engaging in regarding global development" and that release of the document "would chill this communication process." The letter informed Plaintiff of its right to judicial review of the agency's decision.

**CLAIM FOR RELIEF**

22.     Plaintiff has a statutory right under FOIA, 5 U.S.C. § 552(a)(3)(A), to the record it requested. No legal basis exists for Defendants' refusal to disclose the record to Plaintiff.

23.     Plaintiff has exhausted its administrative remedies with respect to its requests for this record.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that this Court:

(1) Declare that Defendants' withholding of the requested record is unlawful;

(2) Order Defendants to make the requested record available to Plaintiff;

(3) Award Plaintiff its costs and reasonable attorneys' fees pursuant to 5 U.S.C. § 552(a)(4)(E); and

(4) Award such other relief as this Court deems just and proper.

Dated:  April 1, 2013                              Respectfully submitted,

                                                  /s/ Julie A. Murray
                                                  Julie A. Murray
                                                  DC Bar No. 1003807
                                                  Adina H. Rosenbaum
                                                  DC Bar No. 490928
                                                  PUBLIC CITIZEN LITIGATION GROUP
                                                  1600 20th Street NW
                                                  Washington, DC 20009
                                                  (202) 588-1000
                                                  jmurray@citizen.org

                                                  *Counsel for Plaintiff*