**UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA**

| | |
|---|---|
| CENTER FOR EFFECTIVE GOVERNMENT, | ) ) ) |
| Plaintiff, | ) Case No. 1:13-cv-00414-ESH |
| v. | ) ) Judge Ellen S. Huvelle |
| U.S. DEPARTMENT OF STATE and U.S. AGENCY FOR INTERNATIONAL DEVELOPMENT, | ) ) ) ) |
| Defendants. | ) ) ) |

**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES
IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE**

## INTRODUCTION

Plaintiff contends that portions of the Sanborn Declaration run afoul of the best evidence rule, constitute hearsay, and are not based on personal knowledge. But plaintiff fundamentally misunderstands how the rules of evidence apply in cases arising under the Freedom of Information Act ("FOIA"). In a FOIA lawsuit, the withheld document is itself the subject of the case. To comply with its obligations under FOIA, the government has submitted declarations attesting that PPD-6 and the transmittal memorandum are confidential presidential communications that are exempt from disclosure under Exemption 5. Yet plaintiff believes that the very act of describing the withheld transmittal memorandum has now triggered the best evidence rule. Thus, in plaintiff's view, the government must choose between disclosing the transmittal memorandum and allowing parts of its declaration to be stricken. But neither FOIA nor the rules of evidence place the government in this Catch-22. As the original document is exempt and therefore unavailable, the best evidence rule does not apply here.

Plaintiff's hearsay and personal knowledge contentions fare no better. The courts repeatedly have held that hearsay is permissible in FOIA declarations. And a FOIA declaration satisfies the personal knowledge requirement if it attests that the declarant has knowledge of the procedures used in handling a FOIA request, that the declarant is familiar with the document in question, and that the declarant has relied on information obtained in the course of his official duties. The Sanborn Declaration plainly satisfies this standard. The motion to strike should accordingly be denied.

## ARGUMENT

**The transmittal memorandum is exempt from disclosure as a confidential presidential communication**

As the government explained in its motion for summary judgment, the PPD-6 is a confidential presidential communication and therefore exempt from disclosure under FOIA Exemption 5. *See generally* Defs.' Mot. for Summ. J., ECF No. 11-1. Because it "is closely intertwined with the Directive itself," the transmittal memorandum that accompanied the PPD-6 is exempt from disclosure for the same reasons. Supp. Sanborn Decl. ¶ 5, attached as Exhibit 1. As the supplemental declaration of Daniel Sanborn explains, "the memorandum is a direct communication from a Special Assistant to the President who was Executive Secretary of the National Security Council—which is the only statutorily-created position on the NSS, *see* 50 U.S.C. § 402(c)—to the same select and limited group of senior foreign policy advisors, cabinet officials, and agency heads who received PPD-6." *Id.* Issued by a high-level advisor, the transmittal memorandum "implemented the President's guidance that PPD-6 be a confidential communication with his closest advisors, by providing direction with respect to how and in what circumstances the Directive could be distributed beyond its recipients." *Id.* It is thus a "communication directly involv[ing] the President" and exempt under the presidential communications privilege. *Loving v. U.S. Dep't of Defense*, 550 F.3d 32, 40 (D.C. Cir. 1998) (internal citations omitted). *See also id.* at 37-38 ("The privilege covers documents reflecting presidential decisionmaking and deliberations . . . and it covers the documents in their entirety." (internal citations omitted)).

As explained below, neither the best evidence rule, hearsay law, nor the personal knowledge requirement provide any basis either to strike the Sanborn Declaration or to compel production of the exempt transmittal memorandum.

### A. The Best Evidence Rule Does Not Apply Because The Original Document is Exempt from Disclosure Under FOIA Exemption 5

Plaintiff first contends that this Court should strike portions of the Sanborn Declaration that describe the exempt transmittal memorandum because the memorandum itself is the "best evidence" of its contents. This is a clever theory. To justify withholding the PPD-6 and its accompanying transmittal memorandum, the government has complied with its FOIA-imposed obligation to submit a declaration that describes the document and justifies the basis for nondisclosure with reasonably specific detail. *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981). Yet, under plaintiff's view, the very act of describing the withheld, exempt document has now triggered the best evidence rule. So the government must now either disclose the exempt document or allow the declaration describing the document to be stricken. Of course, if the declaration is stricken, the government will not have complied with its obligation to describe the exempt document in reasonably specific detail, meaning it would also have to be disclosed. In plaintiff's view, heads I win, tails you lose.

But neither the FOIA statute nor the Federal Rules of Evidence create this predicament for the government. It cannot be that a party loses a privilege by describing the basis for the privilege. Indeed, the transmittal memorandum fits squarely within a well-established exception to the best evidence rule. Federal Rule of Evidence 1002 provides that "[a]n original writing, recording, or photograph is required in order to prove its content unless these rules or a federal statute provides otherwise." Fed R. Evid. 1002. Rule 1004, however, clarifies that "[a]n original is not required and other evidence of the content of a writing . . . is admissible if . . . an original

3

cannot be obtained by any available judicial process," i.e., if the original document is unavailable. Fed R. Evid. 1004. *See also Edwards v. Sears, Roebuck & Co.*, 512 F.2d 276, 293-94 (5th Cir. 1975) ("The Best Evidence Rule requires that 'in proving the terms of a writing, where the terms are material, the original writing must be produced *unless it is shown to be unavailable* for some reason other than the serious fault of the proponent.'") (citing McCormick on Evidence § 230, at 560 (2d ed. 1972) (emphasis added)).

Here, the transmittal memorandum is unavailable because it is a confidential presidential communication that is exempt from compelled disclosure under FOIA Exemption 5. Exemption 5 protects records "which would not be available by law to a party" in civil discovery. 5 U.S.C. § 552(b)(5). Exempt documents therefore are not available for purposes of the best evidence rule. *See Nat'l Inst. Of Military Justice v. Dep't of Defense*, 512 F.3d 677, 680 n.4 (D.C. Cir. 2008) ("[T]he withheld documents satisfy the second requirement in Exemption 5—that they be 'unavailable by law' under one of the established civil discovery privileges—here, under the 'deliberative process' privilege."). Because the underlying document is privileged and therefore not available, the best evidence rule does not apply. Were the rule otherwise, the very act of producing a privilege log—in any case involving discovery—would result in the automatic disclosure of the privileged documents. That cannot be the rule.

### B. Hearsay Is Admissible in FOIA Declarations

Equally misguided is plaintiff's view that a portion of paragraph 5 of the Sanborn Declaration constitutes inadmissible hearsay. Although plaintiff correctly states the general rule that hearsay evidence is inadmissible, that general rule does not apply in FOIA cases, where the document itself is the subject of the litigation. "FOIA declarants may include statements in their declarations based on information they have obtained in the course of their official duties." *Barnard v. Dep't of Homeland Security*, 598 F. Supp. 2d 1, 19 (D.D.C. 2009). In this respect,

"hearsay in FOIA declarations is often permissible." *Barnard v. Dep't of Homeland Security*, 531 F. Supp. 2d 131, 138 (D.D.C. 2008). Were the rule otherwise, an agency could not fulfill its obligation to describe a withheld document in reasonably specific detail without running afoul of the hearsay rule.

Indeed, the courts repeatedly have rejected the argument that plaintiff makes here. *See, e.g.*, *Schoenman v. FBI*, 575 F. Supp. 2d 166, 172 (D.D.C. 2008) ("[H]earsay in FOIA declarations is often permissible."); *Schrecker v. DOJ*, 217 F. Supp. 2d 29, 35 (D.D.C. 2002) (rejecting argument that affidavit was hearsay because affiant was "responsible for the FBI's compliance with FOIA litigation and is therefore not merely speculating about the FBI activities"); *Plunkett v. DOJ*, 2013 WL 628546, at *2 (D.D.C. 2013) ("[H]earsay in FOIA declarations is often permissible") (internal quotation marks omitted); *Gov't Accountability Project v. DOJ*, 852 F. Supp. 2d 14, 23 (D.D.C. 2012) ("Declarations that contain hearsay in recounting searches for documents are generally acceptable.") (internal quotation marks and alteration omitted); *Jarvik v. CIA*, 741 F. Supp. 2d 106, 122 (D.D.C. 2010) (same); *Am. Federation of Gov't Employees, Local 812 v. Broadcasting Bd. of Governors*, 711 F. Supp. 2d 139, 150 (D.D.C. 2010) (same). This Court should not chart a different course.

   **C.**  **The Sanborn Declaration Satisfies the Personal Knowledge Requirement**

Finally, plaintiff asserts that portions of the Sanborn declaration should be stricken "because the declarant has not demonstrated that he has personal knowledge regarding the manner or scope of distribution of the Directive or the transmittal memorandum." Mot. to Strike at 7. But "[a] declarant in a FOIA case satisfies the personal knowledge requirement . . . if in his declaration, he attests to his personal knowledge of the procedures used in handling a FOIA request and his familiarity with the documents in question." *White v. DOJ*, 2013 WL 3466892, at *2 (D.D.C. 2013). *See also id.* (declarant satisfies the personal knowledge requirement by stating

5

that he has "acquired personal knowledge about the processing of plaintiff's request during the performance of [his] official duties."). In meeting this requirement, "it is well settled that FOIA declarants may include statements in their declarations based on information they have obtained in the course of their official duties." *Hainey v. U.S. Dep't of the Interior*, 2013 WL 659090, at *5 (D.D.C. 2013) (internal citation and quotation marks omitted). This is true even if the statements that the declarant relied upon constitute hearsay. *See id.* ("Mr. Lohr's declaration readily satisfies these standards, rendering Hainey's personal knowledge [and] hearsay objections without merit.").

The Sanborn declaration complies with these standards. It attests that Mr. Sanborn has "reviewed and [is] generally familiar with the request for records made pursuant to the Freedom of Information Act . . . by the Center for Effective Government . . . that is the subject of litigation." Sanborn Decl. ¶ 3. And it states that Mr. Sanborn has "personally reviewed PPD-6 and concluded that the Directive should be withheld in full under [Exemption 5]." *Id.* ¶ 8. Moreover, as "information . . . obtained in the course of [Mr. Sanborn's official duties," *Hainey*, 2013 WL 659090, at *5, the transmittal memorandum provides ample basis for Mr. Sanborn's conclusions that PPD-6 is a "confidential communication," that it was distributed "to a select and limited group" of advisers, cabinet officials, and agency heads, and that "[a]ll recipients of the Directive received this transmittal memorandum." Sanborn Decl. ¶¶ 4, 5, 9. Plaintiff's personal knowledge argument accordingly is without merit.

## CONCLUSION

The motion to strike should be denied.

Dated: July 23, 2013                                         Respectfully submitted,

                                                             STUART F. DELERY
                                                             Acting Assistant Attorney General

6

        RONALD C. MACHEN JR.
        United States Attorney

        ELIZABETH J. SHAPIRO
        Deputy Branch Director

        s/ *Ethan P. Davis*
        ETHAN P. DAVIS (N.Y. Bar)
        Trial Attorney
        Civil Division
        Federal Programs Branch
        United States Department of Justice
        20 Massachusetts Ave. NW
        Washington, DC 20001
        Tel: (202) 514-9242
        Fax: (202) 616-8470
        E-Mail: Ethan.P.Davis@usdoj.gov

        *Attorneys for Defendants*